UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ROYAL TRANSPORT EXPRESS, LLC | § | Case No. 20-41227 |
| 429 Royal Oak | § | |
| Murphy, TX 75094 | § | |
| COLLIN-TX | § | |
| Tax ID / EIN: 47-3906312 | § | |
| | § | |
| Debtor. | § | CHAPTER 11 |

**STIPULATION FOR ADEQUATE PROTECTION PURSUANT TO RULE 4001(D)
BETWEEN SIMMONS BANK AND DEBTOR**

On this day, counsel for Royal Transport Express, LLC ("Debtor"), Debtor in the above-referenced case, and counsel for Simmons Bank ("Simmons" herein), a secured creditor in the above-referenced case (referred to herein, jointly, as the "Parties"), announced an agreement had been reached for Debtor to provide adequate protection to Simmons Bank on terms and conditions as set forth herein. Simmons and Debtor have agreed, as evidenced by the signatures below to the following:

1. Simmons is a secured creditor of Debtor and holds valid, perfected security interests and/or first liens as follows, pursuant to the following described promissory notes:

   A.) EQUIPMENT FINANCE AGREEMENT [Loan # XXXXX807] (referred to as "Note 1" herein) dated February 28, 2018, executed by Debtor and payable to Simmons in the original principal sum of $61,202.94 secured by a 2018 Utility Trailer 3000 VIN# 3UTVS2532J8031425 with Reefer Union-VIN S/N

\\server\Data\Files\Cases\Simmons Bank\Royal Transport Express\BKR - TXEB CH 11 #20-41227\Pleadings\AP Stipulation - Equip - AGREED v. 2.wpd

Page 1 of 6

        6001258576 (the "subject collateral"). The security interests and liens granted to secure payment of Note 1 were perfected by filing one or more UCC-1 Financing Statements with the Texas Secretary of State or by notation on the Texas Certificate of Title for the subject collateral.

2. The total amount due and owing to Simmons under Note 1 on the petition date was $52,372.14. Interest continues to accrue after the petition date at the rates set forth in Note 1 as allowed by 11 USC §506(a). To the extent allowed by law, Simmons is also entitled to recover its reasonable and necessary attorney's fees and costs of court incurred after the petition date.

3. Simmons' liens and/or security interests in the subject collateral are perfected, and continue in all proceeds, products, or profits of the subject collateral, if any.

4. Simmons reserves the right to assert or contend that its rights, liens and security interests arising under the loan documents referenced herein extend to additional collateral or property not described herein.

5. Note 1 is secured by the subject collateral and shall be treated in any reorganization plan proposed by Debtor as fully secured.

6. The automatic stay invoked pursuant to 11 U.S.C. §362 shall remain in effect, subject to the terms, conditions, and provisions of this Stipulation, for the subject collateral.

7. Debtor shall maintain full coverage insurance on the subject collateral at all times as set forth more fully in the loan documents evidencing the underlying obligation of Debtor to Simmons

\\server\Data\Files\Cases\Simmons Bank\Royal Transport Express\BKR - TXEB CH 11 #20-41227\Pleadings\AP Stipulation - Equip - AGREED v. 2.wpd

Page 2 of 6

with respect to the subject collateral, with Simmons named as "First lienholder" and/or "Loss Payee" on the insurance policy(ies) throughout the pendency of this case and the term of the Debtor's Chapter 11 Plan, if any, as amended and/or modified, or until amounts owed to Simmons are fully repaid to Simmons.

8. As adequate protection for Simmons' interest in the subject collateral, Debtor agrees to and shall: (a) pay to Simmons 654.68 per month pending plan confirmation, beginning effective August 1, 2020 and every 1st day of each subsequent month until the month during which disbursements begin to Simmons under any plan of reorganization confirmed in the above case, and (b) comply with the other terms and conditions of this Stipulation. The adequate protection payments shall be delivered to Simmons at the following address: Simmons Bank, ATTN: Mark Chapman, 601 E. 3rd St., 7th Floor, Little Rock, AR 72201.

9. Debtor agrees to and shall properly maintain the subject collateral and keep it in good repair at all times pursuant to the terms and conditions described in the underlying obligations owed by Debtor to Simmons and secured by the subject collateral. Debtor will not permit any liens, including mechanic's and/or materialman's liens and/or federal tax liens, to be placed on the subject collateral without prior written consent from Simmons. Simmons or its representatives may, during reasonable hours with notice to Debtor, inspect or appraise its subject collateral.

10. In the event that the above-referenced Chapter 11 case is dismissed or converted, such occurrence shall be an automatic term of default of this Stipulation, and the automatic stay invoked pursuant to 11 U.S.C. §362 shall be terminated automatically with regard to the

\\server\Data\Files\Cases\Simmons Bank\Royal Transport Express\BKR - TXEB CH 11 #20-41227\Pleadings\AP Stipulation - Equip - AGREED v. 2.wpd

Page 3 of 6

subject collateral and without further action, hearing, or order of the Court, without the need for filing of a Notice of Termination of Stay or to send a notice of default to Debtor.

11. Debtor's failure to fulfill any one of the stipulated conditions stated herein above shall constitute default of the terms and conditions and/or provisions of this Stipulation.

12. If Debtor fails to fulfill any one of the terms, conditions, and/or provisions as stated herein, Simmons shall provide written notice of such default to the Debtor and its attorney by certified, United States mail, return receipt requested. If the Debtor fails to cure any such noticed default within ten (10) days from the date of any such notice, then the stay invoked pursuant to 11 U.S.C. §362 shall be terminated automatically without further notice, hearing, or order of the Court, and Simmons will file a certificate with the Court to evidence termination of such Stay. Upon the occurrence of such default described in this paragraph, the Debtor shall be allowed only two (2) opportunities to cure any such occurrence of default noticed by Simmons. Upon any third (3rd) incidence of default, the automatic stay invoked pursuant to 11 U.S.C. §362 shall automatically terminate without further notice, hearing, or order of the Court, and Simmons will file a certificate with the Court to evidence termination of such Stay.

13. In the event the automatic stay invoked pursuant to 11 U.S.C. §362 with respect to the subject collateral is terminated, then Simmons shall be released from any agreement of forbearance, and shall be authorized and empowered to pursue all its contractual and/or legal remedies against the subject collateral, including, but not limited to, repossession of Simmons' subject collateral, foreclosure of Simmons' lien against Simmons' subject collateral, sale of Simmons'

\\server\Data\Files\Cases\Simmons Bank\Royal Transport Express\BKR - TXEB CH 11 #20-41227\Pleadings\AP Stipulation - Equip - AGREED v. 2.wpd

Page 4 of 6

subject collateral; and the right to apply sales proceeds from the sale of Simmons' subject collateral to the balance of Debtor's Note 1 payable to and due and owing to Simmons without further action, hearing, or order of the Court.

14. If the automatic stay terminates as to the subject collateral, Debtor shall deliver the subject collateral to Simmons by delivering it to Movant at the place of Simmons's choosing within three (3) business days after notice to do so is sent to the Debtor's attorney by e-mail at eric@ealpc.com and/or by fax at Fax No. 972-991-5788.

WHEREFORE, PREMISES CONSIDERED, Debtor and Simmons make the stipulations as set forth herein.

DATED July 6, 2020.

RESPECTFULLY SUBMITTED,

*SEARCY & SEARCY, P.C.*

/s/ Joshua P. Searcy
JOSHUA P. SEARCY
State Bar No. 24053468
Email: josh@searcyfirm.com
CALLAN CLARK SEARCY
State Bar No. 24075523
Email: callan@searcyfirm.com
P. O. Box 3929
Longview, TX  75606
903/757-3399 PHONE
903/757-9559 FAX
ATTORNEYS FOR SIMMONS BANK

And

\\server\Data\Files\Cases\Simmons Bank\Royal Transport Express\BKR - TXEB CH 11 #20-41227\Pleadings\AP Stipulation - Equip - AGREED v. 2.wpd

Page 5 of 6

*LAW OFFICE OF ERIC A. LIEPINS*

*/s/ Eric A. Liepins*
Eric A. Liepins
12770 Coit Road, Suite 1100
Dallas, TX 75251
(972) 991-5591
Email: eric@ealpc.com
ATTORNEYS FOR DEBTOR