**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 20-41227 |
| | § | |
| ROYAL TRANSPORT EXPRESS, LLC | § | Chap. 11 |
| | § | |
| Debtor, | § | |
| | § | |

## AGREED ORDER CONDITIONING AUTOMATIC STAY

Upon consideration, the Court considered the Motion of Transportation Alliance Bank, Inc. d/b/a TAB Bank ("**TAB**") to Approve Agreed Order Conditioning Automatic Stay and Providing for Adequate Protection (the "Motion") and the parties announce the following agreement:

WHEREAS, TAB extended a loan to Debtor as evidenced by, among other things, that certain: (i) Business Loan Agreement dated October 3, 2017 (the "**First Loan Agreement**"), by and between Debtor and TAB; (ii) Promissory Note dated October 3, 2017 (the "**First Note**"), signed by Debtor in the original principal amount of $132,242.36; (iii) Commercial Security Agreement dated October 3, 2017 (the "**First Security Agreement**") and signed by Debtor; and (iv) Agreement to Provide Insurance dated October 3, 2017 signed by Debtor (the "**First Insurance Agreement**").

WHEREAS, pursuant to the terms of the First Security Agreement, Debtor granted TAB a security interest in certain Collateral (as defined therein), including, without limitation, that certain 2018 Freightliner CA125SLP Tractor – VIN 1FUGGLDR5JLGE4766 ("**Truck 4766**"), as security for the payment and performance of the Debtor's obligations to TAB, including, without limitation, the payment and performance of Debtor's obligations under the First Loan Agreement, the First Note, First Security Agreement, Second Loan Agreement (as defined herein), the Second Note (as defined herein), and Second Security Agreement (as defined herein).

WHEREAS, TAB extended a second loan to Debtor as evidenced by, among other things, that certain: (i) Business Loan Agreement dated February 28, 2018 (the "**Second Loan Agreement**"), by and between TAB and Debtor; (ii) Promissory Note dated February 28, 2018 (the "**Second Note**"), executed by Debtor in the original principal amount of $142,054.85; (iii) Commercial Security Agreement dated February 28, 2018 (the "**Second Security Agreement**"), signed by Debtor; and (iv) Agreement to Provide Insurance dated February 28, 2018, signed by Debtor (the "**Second Insurance Agreement**").

WHEREAS, pursuant to the terms of the Second Security Agreement, Debtor granted Movant a security interest in certain Collateral (as defined therein), including, without limitation, that certain 2018 Freightliner PT126SLP Tractor – VIN 3AKJHHDR7JSJV9325 ("**Truck 9325**"), as security for the payment and performance of the Debtor's obligations to Movant, including, without limitation, the payment and performance of Debtor's obligations under the First Loan Agreement, the First Note, First Security Agreement, Second Loan Agreement, the Second Note, and Second Security Agreement.

WHEREAS, Debtor is in default under the First Loan Agreement, First Note, First Security Agreement, Second Loan Agreement, Second Note, and Second Security Agreement for, among other things, failing to pay the monthly payments when due under the First Note and Second Note.

WHEREAS, the total amount of the pre-petition debt due and owing TAB by and from Debtor is $250,050.39.

WHEREAS, Commencing August 15th, 2020 and continuing on the 15th day of each month thereafter through the Effective Date of any confirmed Plan of Reorganization, Debtor agrees to pay TAB adequate protection payments of $3,750.76 each.

WHEREAS, the Debtor agrees to amend its Plan of Reorganization to: (i) value Truck 4766 in the amount of $82,900; (ii) value Truck 9325 in the amount of $70,000; (iii) recognize and allow TAB's secured claims in the total amount of $152,900.00 to be paid over 60 months at an interest rate of 5% per annum commencing with the effective date; and (iv) recognize and allow TAB's unsecured claims in the total amount of $97,150.39 to be paid in accordance with the Plan.

WHEREAS, the Debtor shall maintain insurance on Truck 4766 and Truck 9325 as required under the terms and conditions of the First Insurance Agreement and Second Insurance Agreement and shall properly maintain Truck 4766 and Truck 9325 and comply with all other material duties and obligations of the Debtor under the First Loan Agreement, First Note, First Security Agreement, First Insurance Agreement, Second Business Agreement, Second Note, Second Security Agreement, and Second Insurance Agreement.

WHEREAS, the Debtor shall make arrangements for the installation of GPS tracking devices on Truck 4766 and Truck 9325 and such GPS tracking devices shall be installed within fifteen (15) days of the earlier of the Effective Date of a Plan for Reorganization or the entry of this order.  The Debtor shall cooperate with TAB for the purposes of arranging for such installations and the Debtor agrees and stipulates not to remove, tamper with, or otherwise alter the GPS tracking devices once they are installed.

IT IS HEREBY ORDERED, based upon the agreement of the parties, as follows:

1. The recitals are incorporated as true and correct statement and agreements of the parties as if set-forth again in their entirety.

2. The Debtor will make monthly payments to TAB each in the amount of $3,750.76 with the first payment due on or before August 15, 2020 and subsequent payments shall be due on

the 15th of each succeeding month thereafter until further order of this Court (the "**Adequate Protection Payments**").

3. The Adequate Protection Payments shall be applied to the First Note and Second Note against the payments due under the First Note and Second Note in reverse order of maturity commencing with the final installment that is payable at the end of the term of the First Note and the Second Note.

4. The Debtor shall maintain insurance on Truck 4766 and Truck 9325 as required under the terms and conditions of the First Insurance Agreement and Second Insurance Agreement and shall properly maintain Truck 4766 and Truck 9325 and comply with all other material duties and obligations of the Debtor under the First Loan Agreement, First Note, First Security Agreement, First Insurance Agreement, Second Business Agreement, Second Note, Second Security Agreement, and Second Insurance Agreement.

5. The Debtor shall make arrangements for the installation of GPS tracking devices on Truck 4766 and Truck 9325 and such GPS tracking devices shall be installed within fifteen (15) days of the earlier of the entry of this order or the Effective Date of a Plain for Reorganization. The Debtor shall cooperate with TAB for the purposes of arranging for such installations and the Debtor agrees and stipulates not to remove, tamper with, or otherwise alter the GPS tracking devices once they are installed.

6. The automatic stay of 11 U.S.C. § 362 shall remain in effect until the earlier of the confirmation of a Chapter 11 Plan, or the Debtor commits an event of default or further order of the Court. The term "Event of Default" as used herein shall mean the following: (a) failure to make Adequate Protection Payments on the dates and amounts as called for herein, with a fifteen (15) day cure period after written notice; (b) the entry of an order modifying and/or terminating

the automatic stay in favor of any other entity seeking to enforce a right of possession to and/or enforcement of a lien in or claim against Truck 4766 or Truck 9325; (c) the failure of Debtor to comply with any of the stipulations, terms and conditions of this Order, including, without limitation, the stipulations, terms and conditions regarding the installation of the GPS devices; (d) conversion of this case to one under Chapter 7 of the Bankruptcy Code; or (e) Debtor's failure to maintain insurance on Truck 4766 or Truck 9325 as provided herein and in accordance with the First Insurance Agreement and Second Insurance Agreement.

       7.     Any notices required under this Order shall be Sent to:

    a.    For TAB:
        Aaron B. Gottlieb
        McGlinchey Stafford, PLLC
        6688 North Central Expressway, Suite 400
        Dallas, Texas 75206
        Email: agottlieb@mcglinchey.com

    b.    For the Debtor:
        Eric A. Liepins
        Eric A. Liepins, P.C.
        12770 Coit Road, Suite 100
        Dallas, Texas 75251
        Email: eric@ealpc.com

AGREED AS TO FORM AND SUBSTANCE

**By:** */s/ Aaron B. Gottlieb*
**Aaron B. Gottlieb**
State Bar No. 24069815
agottlieb@mcglinchey.com
**McGlinchey Stafford, PLLC**
Three Energy Square
6688 North Central Expressway, Suite 400
Dallas, Texas 75206
Telephone: (214) 445-2445
Facsimile: (214) 445-2450
***Attorneys for Transportation Alliance Bank, Inc.***

**By:** */s/ Eric A. Liepins*
Eric A. Liepins
State Bar No. 12338110
eric@ealpc.com
Eric A. Liepins, P.C.
12770 Coit Road, Suite 1100
Dallas, Texas 75251
Telephone: (972) 991-5591
Facsimile: (972) 991-5788
***Attorney For Debtor***