Ammar Dadabhoy
Wong Fleming
State Bar No: 24088812
77 Sugar Creek Center Blvd., Suite 401
Sugar Land, TX 77478
Phone: (281) 340-20704
Fax: (866) 240-0629
Email: adadabhoy@wongfleming.com
ATTORNEY FOR SECURED CREDITOR BMO HARRIS BANK N.A.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **In re: Royal Transport Express, LLC** | § § § § | **Case No. 20-41227**<br>**(Chapter 11)** |

## MOTION FOR APPROVAL AND ENTRY OF ADEQUATE PROTECTION STIPULATION

**Your rights may be affected by the relief sought in this pleading. You should read this pleading carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you oppose the relief sought by this pleading, you must file a written objection, explaining the factual and/or legal basis for opposing the relief.**

**No hearing will be conducted on this Motion unless a written objection is filed with the Clerk of the United States Bankruptcy Court and served upon the party filing this pleading WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE shown in the certificate of service unless the Court shortens or extends the time for filing such objection. If no objection is timely served and filed, this pleading shall be deemed to be unopposed, and the Court may enter an order granting the relief sought. If an objection is filed and served in a timely manner, the Court will thereafter set a hearing with appropriate notice. If you fail to appear at the hearing, your objection may be stricken. The Court reserves the right to set a hearing on any matter.**

NOW COMES on for consideration the joint request of the Royal Transport Express, LLC, debtor in this case, and BMO Harris Bank N.A., (referred to herein as the "consensual lien creditor"), for entry of this agreed order thereby approving the parties' agreements as stated herein, and the parties having represented to the Court as follows:

1. The Debtor and BMO Harris Bank N.A. have agreed on the Stipulation for Adequate Protection hereto attached as Exhibit "1" (hereinafter "the Stipulation"). The Stipulation calls for adequate protection payments in the amount of $3,750 per month from Debtor to BMO Harris Bank N.A.

2. The Debtor and BMO Harris Bank N.A. wish to have the Court approve the Stipulation. They maintain that the stipulation is mutually beneficial for their interests and does not

1

adversely affect any other party in this case. The Stipulation modifies temporarily the treatment of BMO Harris Bank N.A.'s claim.

3. In the event the Debtor fails to comply with the adequate protection provisions granted herein, that BMO Harris Bank N.A., will advise counsel for Royal Transport Express, LLC of such non-compliance and that the stay is terminated. For the purpose of this section, receipt by the Court's CM/ECF system of the Notice shall be sufficient.

4. In the event the automatic stay of § 362(a) is terminated as to BMO Harris Bank N.A., the stay shall be terminated to permit BMO Harris Bank N.A. to exercise all rights and remedies available to it under the Texas Property Tax Code, if any, for the collection of amounts owed to it by the Debtor on the property subject to the Motion.

Collateral at issue:

| Year | Manufacturer | Model | Description | Serial Number |
|---|---|---|---|---|
| 2014 | UTILITY | REFRIGERATED VANS | REFRIGERATED VANS 53' | 1UYVS2538EU759737 |
| 2013 | THERMO KING | SB 230 | SB 230 | 6001344583 |
| 2018 | UTILITY | REFRIGERATED VANS | REFRIGERATED VANS 53' | 1UYVS2534J2137206 |
| 2017 | THERMO KING | S-600 | S-600 | 6001241699 |
| 2019 | FREIGHTLINER | CASCADIA-SERIES | CASCADIA-SERIES CA12564SLP 125"BBC CONV CAB W/72"RR SLPR TRACTOR 6X4 | 3AKJHHDR1KSGE4785 |

WHEREFORE, PREMISES CONSIDERED, the Debtor, and BMO Harris Bank N.A. pray Court approve the Stipulation.

Wong Fleming

/s/Ammar Dadabhoy
Ammar Dadabhoy
State Bar No. 24088812
Wong Fleming
77 Sugar Creek Center Blvd., Suite 401
Sugar Land, TX 77478

2

(281) 340-2074 (telephone)
(866) 240-0629 (facsimile)
[adadabhoy@wongfleming.com](mailto:adadabhoy@wongfleming.com) (Email)
ATTORNEY FOR BMO HARRIS BANK N.A.

AGREED AND ENTRY REQUESTED:


Wong Fleming

/s/Ammar Dadabhoy
Ammar Dadabhoy
State Bar No. 24088812
Wong Fleming
77 Sugar Creek Center Blvd., Suite 401
Sugar Land, TX  77478
(281) 340-2074 (telephone)
(866) 240-0629 (facsimile)
adadabhoy@wongfleming.com (Email)
ATTORNEY FOR BMO HARRIS BANK N.A.

*/s/Eric A. Liepins* (by permission)_____
Eric A. Liepins
Attorney for Debtor-in-possession




**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing has been served on all interested parties as listed below by depositing same in the U.S. Mail, postage prepaid, and/or by electronic mail on July 21, 2020.

Royal Transport Express, LLC              Via CMRR

Eric A. Liepins                                            via email: Eric@ealpc.com

All other parties requesting notice via ECF in the attached Creditor Matrix

                                              */s/ Ammar Dadabhoy*
                                                  Ammar Dadabhoy

5

Case 20-41227 Doc 42 Filed 07/21/20 Entered 07/21/20 12:54:12 Desc Main Document Page 5 of 14

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| In re: Royal Transport Express, LLC | § § § § | Case No. 20-41227 (Chapter 11) |

## STIPULATION FOR ADEQUATE PROTECTION WITH BMO HARRIS BANK N.A.

Royal Transport Express, LLC ("Debtor") and BMO Harris Bank N.A. ("BHB") collectively hereby stipulate and agree as follows (this "Stipulation"):

### RECITALS

1. On June 22, 2018, Royal Transport Express, LLC ("Debtor") executed a Loan and Security Agreement ("Contract 1") with BHB, a copy of the Loan and Security Agreement is attached as **Exhibit A.** On June 22, 2018 Harpreet Singh executed a personal continuing guaranty personally guaranteeing Royal Transport Express, LLC's obligations to BHB (a copy of guaranty agreements attached as **Exhibit B** and incorporated by reference herein.)

2. On June 23, 2017, Debtor executed a Loan and Security Agreement ("Contract 2") with BHB, a true and correct copy of the Loan and Security Agreement is attached as **Exhibit C**. Additionally, on June 23, 2017 Harpreet Singh executed a personal guaranty guaranteeing Royal Transport Express, LLC's obligations to BHB. *See* **Exhibit D**.

3. On July 5, 2018, Debtor executed a Loan and Security Agreement ("Contract 3") with BHB, a true and correct copy of the Loan and Security Agreement is attached as **Exhibit E**. Additionally, on July 5, 2018 Harpreet Singh executed a personal guaranty guaranteeing Royal Transport Express, LLC's obligations to BHB. *See* **Exhibit F**.

4.

6

Exhibit "1"

5.  To secure the payment of the indebtedness, the Debtor granted a security interest in the following to Creditor:

| Year | Manufacturer | Model | Description | Serial Number |
|---|---|---|---|---|
| 2014 | UTILITY | REFRIGERATED VANS | REFRIGERATED VANS 53' | 1UYVS2538EU759737 |
| 2013 | THERMO KING | SB 230 | SB 230 | 6001344583 |
| 2018 | UTILITY | REFRIGERATED VANS | REFRIGERATED VANS 53' | 1UYVS2534J2137206 |
| 2017 | THERMO KING | S-600 | S-600 | 6001241699 |
| 2019 | FREIGHTLINER | CASCADIA-SERIES | CASCADIA-SERIES CA12564SLP 125"BBC CONV CAB W/72"RR SLPR TRACTOR 6X4 | 3AKJHHDR1KSGE4785 |

6.  Accordingly, Creditor has duly perfected its security interest in the collateral evidenced by the Certificate of Titles attached as **Exhibit G.**

7.  Debtor filed a voluntary petition for relief under Title 11 U.S.C. Chapter 11 on May 26, 2020, staying actions as specified in § 362 of the code. This Court has jurisdiction over this matter by virtue of the jurisdiction conferred upon it under 28 U.S.C. § 157, which characterizes this matter as a "core proceeding" arising in a case under Title 11, United States Code.

8.  Accordingly, Creditor has a claim in the amount of $248,298.95 as evidenced by Creditor's filed Proof of Claims 2-1, Proof of Claim 3-1 and Proof of Claim 4-1. *See also* **Exhibit H.**

9.  Debtor has defaulted by failing to pay for the collateral as contracted under the agreements. *See* **Exhibit H**. Debtor is delinquent in the amount of $71,689.35.

10. Debtor has requested that BHB allow Debtor to use the collateral during the pendency of its Chapter 11 case.

Exhibit "1"

11. BHB has agreed to the Debtor's use of the collateral during the pendency of its Chapter 11 case subject to the following terms and conditions negotiated between BHB, the Court, and Debtor.

## AGREEMENT

NOW THEREFORE, in consideration of the terms, conditions and covenants in this Agreement, the parties agree and stipulate as follows:

12. **Use of the Collateral:** Subject to the terms and conditions set forth herein, BHB agrees to the Debtor's use of the collateral during the pendency of its Chapter 11 case. In addition, Debtor agrees that the following collateral (hereinafter referred to as "VHN truck"):

| Year | Manufacturer | Model | Description | Serial Number |
|---|---|---|---|---|
| 2020 | KENWORTH | T680-SERIES | T680 SERIES T680 125" BBC CONV CAB SBA TRACTOR 6X4 | 1XKYD49X1LJ372528 |

The VHN truck was listed in Debtor's previous Chapter 11 bankruptcy petition is not subject to this Agreement. Debtor has no rights in the VHN truck and no rights to possess the VHN truck.

13. **Adequate protection payments:** To compensate and protect BHB from diminution in the value of the Collateral resulting from the Debtor's use and retention thereof, Debtor shall make Adequate protection payments to BHB in the amount of $3,750 beginning on July 15th and on the first day of each month thereafter until the earlier of (a) the Debtor's surrender of the Collateral in accordance with paragraph 18 below or (b) further order of the Bankruptcy Court. All adequate protection payments made pursuant hereto shall be made payable to BMO Harris Bank N.A. by wire as follows:

- BMO Harris Bank N.A. Bank Account Number 1824325, Bank Routing Code 071000288

8

Exhibit "1"

14. Notwithstanding the foregoing, BHB does not agree that the adequate protection payments required herein adequately protect its interests in the Collateral and nothing in this Stipulation shall constitute a determination as to: (1) the adequate protection of BHB's interest in the collateral; or (2) any issues related thereto.

15. **Maintenance and Inspection:** Debtor shall keep the Collateral in good and reasonable condition, shall perform regular maintenance on same in accordance with the Agreement, and, in any event, in accordance with commercially reasonable maintenance standards for the Collateral, and shall allow representatives of BHB to inspect the Collateral on reasonable notice to the Debtor.

16. **Insurance:** Debtor shall: (a) maintain insurance to fully insure the value of the Collateral; (b) name BHB as a co-insured and a loss payee under the relevant insurance policy or policies; and (c) provide BHB with any and all proof of insurance and notices under any applicable insurance policies.

17. **Amount of Claim:** Debtor agrees that BHB is owed the amount set forth in the above Recitals, without defense, set-off or counterclaim.

18. **Validity of Lien:** Debtor acknowledges and agrees that the liens and security interests held by BHB are valid, perfected, unavoidable, first-priority liens and security interests in the Collateral.

19. **Events of Default/Notice/Stay Relief:** The occurrence of any one or more of the following events shall constitute "Event of Default" under this Stipulation:

   a. Debtor fails to pay when due any adequate protection payment to BHB as required by this Stipulation and such payment failure is not cured within seven (7) calendar

Exhibit "1"

    days after BHB (or its counsel) sends written notice of such failure in accordance with paragraph 24 of this agreement;

b. Debtor fails to obtain and/or maintain insurance in an amount necessary to fully insure the Collateral and such insurance is not cured within five (5) calendar days after BHB (or its counsel) sends written notice of such failure in accordance with paragraph 24 of this agreement;

c. Debtor fails to maintain and use the Collateral in accordance with the Agreement and this Stipulation;

d. The entry of an order converting this Bankruptcy Case to a case under Chapter 7 of the Bankruptcy Code;

e. The termination, expiration, lapse, or reduction of insurance coverage on the collateral;

f. Debtor attempts to modify this Stipulation without express written consent of BHB;

g. The termination of the automatic stay by any other party claiming an interest in, and permitting that party to proceed against, any portion of the Collateral; or

h. The Debtor fails to comply with any term or provision of the Stipulation.

20. **Remedies:** Upon the occurrence of an Event of Default, the automatic stay pursuant to 11 U.S.C. § 362(d) shall be lifted and modified, without further notice or hearing and notwithstanding Rules 4001(a)(3) and 7062 of the Federal Rules of Bankruptcy Procedure, at which time the Debtor and any of its officers, employees, or other agents shall cooperate with BHB and turnover possession of the collateral, wherever it may be located, and neither Debtor nor any of its officers, employees, or other agents shall impede BHB in its efforts to retrieve and dispose of the Collateral. Moreover, Debtor shall only have one (1) opportunity to cure any adequate

Exhibit "1"

protection payment Event of Default under paragraph 19(a) of this Agreement. In the event the Debtor fails to pay any adequate protection payment when due but has already cured such similar failure one (1) time within seven (7) calendar days after BHB (or its counsel) sends written notice of such failure in accordance with paragraph 24 of this agreement, the 7-calendar-day-cure opportunity shall no longer apply and any such adequate protection payment Event of Default shall result in the automatic stay pursuant to 11 U.S.C. § 362(d) being lifted and modified, without further notice or hearing notwithstanding Rules 4001(a)(3) and 7062 of the Federal Rules of Bankruptcy Procedure, at which time Debtor and any of its officers, employees, or other agents shall cooperate with BHB and turnover possession of the Collateral, wherever it may be located, and neither the Debtor nor any of its officers, employees or other agents shall impede BHB in its efforts to retrieve and dispose of the Collateral. In addition, Debtor shall only have two (2) opportunities to cure any insurance Event of Default under paragraph 19(b) of this Agreement. In the event the Debtor fails to maintain insurance coverage in an amount necessary to fully insure the Collateral but has already cured such similar failure one (1) time within five (5) calendar days after BHB (or its counsel) sends written notice of such failure in accordance with paragraph 24 of this agreement, the 5-calendar-day-cure opportunity shall no longer apply and any such insurance Event of Default shall result in the automatic stay pursuant to 11 U.S.C. § 362(d) being lifted and modified, without further notice or hearing notwithstanding Rules 4001(a)(3) and 7062 of the Federal Rules of Bankruptcy Procedure, at which time Debtor and any of its officers, employees, or other agents shall cooperate with BHB and turnover possession of the Collateral, wherever it may be located, and neither the Debtor nor any of its officers, employees or other agents shall impede BHB in its efforts to retrieve and dispose of the Collateral.

Exhibit "1"

21. **Bankruptcy Court Order:** This Agreement shall become effective only upon the entry of an order by the Bankruptcy Court approving this Agreement. The Debtor agrees to promptly seek an order from the Bankruptcy Court approving the terms of this Agreement.

22. **No Surcharge:** The Debtor shall not cause any liens or claims to be placed against the Collateral unless otherwise provided by Court order. No costs and expenses of administration shall be imposed upon BHB or the Collateral under any chapter of the Bankruptcy Code, whether by means of a surcharge or otherwise.

23. **No Waiver:** Nothing in this Agreement shall be construed as a waiver, concession, or impairment (by implication or otherwise) of

   a. **BHB's right to pursue collection of default interest, late fees, attorneys' fees and costs, and any other amounts provided for by the Agreement and/or applicable law;**

   b. BHB's ability to seek and obtain a super priority claim under § 507(b) of the Bankruptcy Code against the bankruptcy estate to the extent that this Agreement fails to adequately protect BHB's interests and to the extent the value of the Collateral is diminished as a result of the operations of the Debtor or the Collateral;

   c. Any of BHB's rights against any third party's or any guarantor's of the Debtor's obligations to BHB under this Agreement or any security interests and/or liens held by BHB in ay assets of such third party; and

   d. BHB's rights under this Agreement or applicable law.

24. **Notice:** To be effective, notice of any adequate protection payment failure set forth in paragraph 19(a) or an insurance failure set forth in paragraph 19(b) shall be sent to Debtor's

Exhibit "1"

counsel, Eric A. Liepins, by e-mail to mailto:Eric@ealpc.com and to Dhesiinc@outlook.com and shall be effective when sent.

25. **Binding Effect:** This agreement shall be binding upon the Debtor, its estate, any Chapter 11 trustee for the estate, any Chapter 7 trustee appointed after any conversion of the Bankruptcy case, any creditors committee, and all creditors and parties in interest.

26. **Representation/No Coercion:** The Debtor represents, warrants, and acknowledges that it has been represented by or has had the opportunity to be represented by legal counsel with the negotiation and documentation of this Agreement, that it has chosen to execute this Agreement of its own free will.

27. **Drafting:** All parties thereto have contributed to the drafting of this Agreement and any ambiguities herein shall not be construed against any particular party.

28. **Counterparts:** This agreement may be executed in any number of counterparts, each of which when so executed and delivered shall be an original, but such counterparts shall together constitute one and the same Agreement.

29. **Authority to Sign:** Each of the undersigned represent and warrant that they have the authority to bind the party or parties on whose behalf they are signing the terms and conditions of this Agreement.

30. In the event the Debtor fails to comply with the adequate protection provisions granted herein, that BMO Harris Bank N.A., will advise counsel for debtor of such non-compliance and that the stay is terminated. For the purpose of this section, receipt by the Court's CM/ECF system of the Notice or by email shall be sufficient.

31. In the event the automatic stay of § 362(a) is terminated as to BMO Harris Bank N.A., the stay shall terminate to permit BHB to exercise all rights and remedies available to it.

13

Exhibit "1"

32.     If the property subject to the Motion is the subject of a sale by BMO Harris Bank N.A., then the proceeds of such sale shall be applied to amounts owed to BHB minus costs attributed to the sale.

Exhibit "1"